IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITI BRANDS, LLC d/b/a ) <br> DUNKIN' DONUTS BAKERY, ) <br> ) <br> Defendant. ) <br> _____ ) | CIVIL ACTION NO. <br> 1:14-CV-00236 <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Darrell Littrell who was adversely affected by such practices. As more fully described below, the U.S. Equal Employment Opportunity Commission (the "Commission") alleges that Defendant CitiBrands, LLC d/b/a Dunkin' Donuts Bakery ("Defendant") failed to hire Littrell because of his religion, Seventh-day Adventist. The Commission further alleges that Defendant failed or refused to preserve certain records made or kept that are relevant to the determination of whether unlawful employment practices have been or are being committed.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section

706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina.

## PARTIES

3. Plaintiff is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a North Carolina Corporation doing business in the State of North Carolina, including the city of Arden, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Littrell filed a charge with the Commission alleging violations of Title VII by Defendant. All

conditions precedent to the institution of this lawsuit have been fulfilled.

Failure to Hire

7.     On or about January 3, 2013, Defendant engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1) by failing to hire Littrell because of his sincerely held religious belief that he cannot work on his Sabbath.

8.     Littrell has been a Seventh-day Adventist since 1989. As a Seventh-day Adventist, Littrell holds the sincere religious belief that he cannot work on his Sabbath, which runs from sunset on Friday until sunset on Saturday. During the relevant period, Littrell attended church services and/or rested and/or otherwise conducted himself in accordance with his religious beliefs regarding appropriate activities for his Sabbath.

9.     On or about December 15, 2012, Littrell applied for the position of "donut maker" at Defendant's manufacturing facility in Arden, North Carolina. On the application, Littrell indicated that he would work any day and time, except on his Sabbath. Specifically, Littrell noted that he was available for work "until sunset" on Friday and "after sunset" on Saturday. Defendant's Plant Manager interviewed Littrell for the position. Littrell's religion was not discussed during the interview.

10.    On or about January 3, 2013, Defendant's Plant Manager called Littrell and offered Littrell a donut maker position, with a start date of the next afternoon, Friday, January 4, 2013, at 3 p.m. In response, Littrell reiterated his religious belief about not

working on his Sabbath, as was already stated on his application. Littrell told the Plant Manager that he could not start the job on Friday afternoon because as part of his faith, he does not work on the Sabbath which begins at sunset on Friday and continues through Saturday sunset. Littrell told the Plant Manager that he could work any evening except Friday and asked if he could come in on Saturday, January 5, after his Sabbath ended. In response, the Plant Manager rescinded the job offer made to Littrell.

11. Defendant failed to hire Littrell because of his religion, including his sincerely held religious belief that he could not work on his Sabbath.

12. The effect of the practices complained of above has been to deprive Littrell of equal employment opportunities and otherwise adversely affect his status as an employee, because of his religion, Seventh-day Adventist.

13. The unlawful employment practices complained of above were intentional.

14. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Littrell.

Record-keeping violation

15. On or about January 3, 2013, Defendant engaged in unlawful employment practices in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c) and 29 C.F.R. 1602.14. Specifically, Defendant failed to preserve records relevant to the determination of whether unlawful employment practices have been or are being committed for the period of one (1) year as required by federal law and regulation. *See*

42 U.S.C. § 2000e-8(c) and 29 C.F.R. 1602.14. Specifically, Defendant discarded Littrell's employment application after Littrell's job offer was rescinded. Moreover, on information and belief, until at least January 2013, Defendant failed to preserve for the period of one (1) year, job applications submitted by applicants who were not hired by Defendant.

16. The unlawful employment practices complained of above were intentional.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against current or future employees based on their religious beliefs and their need for a reasonable accommodation for those belief.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, including an effective policy prohibiting religious discrimination, all of which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Littrell whole, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

D. Order Defendant to make Littrell whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in above, in amounts to be determined at trial.

E. Order Defendant to make Littrell whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Littrell punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Order Defendant to cease from the unlawful destruction of employment records and to conduct training for Defendant's managers on the recordkeeping requirements under Title VII.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated this 11th day of September, 2014.

6

Case 1:14-cv-00236-MOC-DLH   Document 1   Filed 09/11/14   Page 6 of 7

Respectfully submitted,

EQUAL EMPLOYMEMNT OPPORTUNITY
COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REEMS
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C.  20507

**s/Lynette A. Barnes**
LYNETTE A. BARNES (NC Bar #19732)
Regional Attorney

KARA GIBBON HADEN
Supervisory Trial Attorney

**s/Stephanie M. Jones**
STEPHANIE M. JONES (GA Bar No. 403598)
Trial Attorney
Email: stephanie.jones@eeoc.gov
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone:     704.954.6471
Facsimile:      704.954.6412

**ATTORNEYS FOR PLAINTIFF**

7