IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. 1:14-CV-00236 |
| v. | ) ) ) | CONSENT DECREE |
| CITI BRANDS, LLC d/b/a DUNKIN' DONUTS BAKERY | ) ) ) ) | |
| Defendant. | ) ) | |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that Defendant CitiBrands, LLC d/b/a Dunkin' Donuts Bakery (the "Defendant") failed to hire Darrell Littrell ("Littrell") because of his religion, Seventh-day Adventist. The Commission further alleges that Defendant failed or refused to preserve certain records made or kept that are relevant to the determination of whether unlawful employment practices have been or are being committed.

The Defendant's Answer denied the allegations of legal violations asserted in the Complaint. The Commission does not disavow the allegations in its Complaint.

The Commission, and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 17 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of religion or any other protected category within the meaning of Title VII, including by failing to provide a reasonable accommodation to the bona fide religious beliefs of an applicant or employee.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964, or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay Darrell Littrell the sum of Twenty-Two Thousand Dollars ($22,000) in settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to Darrell Littrell. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall mail the check to Mr. Littrell at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall send to the Commission, a copy of the check and proof of its delivery to Mr. Littrell. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Mr. Littrell may or may not incur on such payments under local, state and/or federal law. The Commission agrees that under the Consent Decree, Defendant is not responsible for any tax liability, assessments,

interest, penalties and/or costs that Mr. Littrell may or may not incur on such payments under local, state, and/or federal law.

4. Defendant affirms that it has no personnel documents pertaining to Darrell Littrell, other than Darrell Littrell's employment application. Defendant agrees that any personnel file created at any time for Darrell Littrell shall not contain documents, entries, or references related to this action or EEOC Charge Number 430-2013-00735.

5. Defendant agrees that Darrell Littrell remains eligible for employment with Defendant. Defendant agrees that if it receives any inquiry about Darrell Littrell from a potential employer, it will only state that it offered Mr. Littrell employment with the company based on his interview, but Mr. Littrell ultimately found other employment.

6. Within ninety (90) days of the entry of this Consent Decree by the Court, Defendant shall adopt, implement, and distribute a formal, written anti-discrimination policy, which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against religious discrimination; Defendant's obligation to provide an accommodation for sincerely held religious beliefs; procedures for employees to request religious accommodations; procedures for considering employees' requests for religious accommodations; procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee complaints of discrimination. Defendant shall distribute to each current employee a copy of the policy within the aforementioned 90 day time period. Within one hundred (100) days of the entry of this Consent Decree, Defendant shall report compliance to the Commission. During the term of this Consent Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

7.      During the term of this Consent Decree, Defendant shall post a copy of the policy described in paragraph 6, *supra*, in each of its restaurants and factories in North Carolina in a place where it is visible to employees.  If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy.   Within (100) days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

8.      During the term of this Consent Decree, Defendant shall provide an annual training program to all of its owners, managers, supervisors and employees in all of their facilities and work sites, in North Carolina.  Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, including an employer's obligations with respect to religious accommodations, and its prohibition against religious discrimination in the workplace.  Each training program shall also include an explanation of Defendant's policy referenced in paragraph 6 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) days after entry of this Consent Decree by the Court.  Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-CTDO-decree-monitoring@eeoc.gov.  Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of submission of the agenda.  Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9.      Beginning within thirty (30) days after the entry of this Consent Decree by the

Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit "A," hereby made a part of this Consent Decree, in a place where it is visible to employees at its North Carolina restaurants and factories. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

10. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

> A. identify each applicant or employee of any of Defendant's North Carolina restaurants and factories who at any time during the reporting period requested a religious accommodation, including by way of identification each person's full name, social security number, last known address and telephone number, job title or position sought, date of accommodation request, accommodation requested, whether the request was granted, and what, if any, accommodation was provided to the individual;
>
> B. for each individual identified in response to 10.A. above who was not provided with an accommodation, provide a detailed explanation as to why the request was not granted and identify all individual(s) involved in the decision regarding the accommodation request;
>
> C. for each individual identified in 10.A. above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time) after the individual's request for religious accommodation; and
>
> D. for each individual whose employment status has changed as identified in 10.C. above, a detailed statement explaining why the individual's employment status has changed and the identity of all persons involved in the decision to change said employment status.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

11. The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect Defendant's North Carolina restaurants and factories, interview employees and examine and copy documents.

12. If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13. The term of this Consent Decree shall be for five (5) years from its entry by the Court.

14. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Scott E. Shealy at scott@citizensfuel.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide contact information for a new designated point of contact within ten (10) days of the change.

15. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

16. Each party shall bear its own costs and attorney's fees.

17. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Consent Decree and entry of such further orders as may be necessary or appropriate.

Max O. Cogburn Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTHCAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | Civil Action No. 1:14-CV-00236 |
| Plaintiff, | ) ) | |
| v. | ) ) | **EMPLOYEE NOTICE** |
| CITI BRANDS, LLC d/b/a DUNKIN' DONUTS BAKERY | ) ) ) | |
| Defendant. | ) ) | |

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Citi Brands, LLC d/b/a Dunkin' Donuts Bakery ("CitiBrands, LLC") in a case of discrimination based on religion. Specifically, the EEOC alleged that Citi Brands, LLC discriminated against Darrell Littrell when it refused failed to hire Littrell because of his religious beliefs in violation of the Title VII of the Civil Rights Act of 1964 (Title VII). As part of the settlement, Citi Brands, LLC agreed to pay monetary damages to Mr. Littrell and to take other actions set out in the Consent Decree resolving this matter.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony, provided assistance in, or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. Citi Brands, LLC will comply with such federal laws in all respects. Furthermore, CitiBrands, LLC will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law, or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, NE
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least five (5) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2020.

**EXHIBIT A**